Hale, J.
The case of Wm, H. Hudson and others against Ferdin- and Voigt comes here on error to the court of common pleas. Several exceptions are made upon the record.
The action was brought by Voigt, defendant in error, against the plaintiffs in error, to recover damages for an injury he (Voigt) had received from an assault and battery, inflicted upon him by the plaintiffs in error, as he alleged.
The first defense was a general denial in substance.
The second defense was a plea of justification; that the plaintiffs in error were first assaulted by Voigt, and used only such force as was necessary to repel that assault.
There was no reply to this defense. The case went to trial, and evidence was adduced on both sides as to the transaction— all the evidence that could possibly have been introduced had there been a reply.
The charge of the court dealt with that question precisely *392 as if there had been a reply, and, so far as we are able to ascertain from the' record, no such question was made in the court below that a reply was essential, or no objection was made to the submission of that question to the jury because of the fact that there was no reply.
Now,conceding that a reply would have been better and, perhaps, essential — I think the practice is to reply to a defense of that kind — -we see no prejudice to the plaintiffs in error by reason of the omission of a reply.
The whole case was tried and dealt with by court and jury precisely as it would hav-8 been, had such a reply been filed.
In the charge of the court, the court told the jury they might allow,as part of the compensatory damages, a reasonable attorney fee, although no evidence had been offered upon the subject of the value of those attorney fees. While such evidence has been held by the supreme court to be incompetent, but clearly, under the rulings of the supreme court, this case belongs to that class of cases in which the jury might, in its discretion, include in their award of damages a reasonable attorney fee to counsel representing the plaintiff in the case; and while the charge was very meager upon that point, although very profuse generally and prolix, we are satisfied that the jury was not authorized, under that charge, to go any further in the assessment of the damages than the law would authorize. There was no request to make more definite and certain, and we are inclined to hold there was no prejudice to the plaintiff in error by reason of that charge.
Complaint is made that in the charge also the court state that not only the persons who did the beating, but those who aided by word of mouth and encouraged the commission of the act, would be responsible, Exception is taken to the manner in which that is stated. We suppose it means no more than if the court had said to the jury, ‘ ‘Who *393 ever aids in an assault, is equally guilty with the party who does the pounding.” I say that, so far as the questions of law are made, we see no good.reason for disturbing the verdict on that ground.
Coming to the facts of the case, it seems that the defendant in error had loaned to one of the plaintiffs in error, Richards, the sum of One Hundred and Fifty Dollars $150.00). To secure its payment, he (Voigt) had taken a note of the daughter of Richards, Martha Richards, for the sum of One Hundred and Fifty Dollars ($150.00), and a chattel mortgage upon certain property, said mortgage being executed by the daughter. The note became due.
These facts are conceded, as far as I have stated them.
The note became due, and Voigt took possession of the property-covered by the chattel mortgage,and removed that property to his own home. In the evening of the day on which the property was removed by Voigt, J. G. Richards and his son, ancl Hudson (who was a constable), and his son went to the house of Voigt — the business place of Voigt — for the purpose of reclaiming the property. Prior to that visit, a suit in replevin had been commenced, and Hudson, the constable, had a writ of replevin in his possession. He was under instructions, as it appears from this bill of exceptions, to obtain the property if he could do so, without serving the papers; that is, he was to get the property if he could, and not use his writ,
In the transaction at the house, either in serving the writ, or in obtaining the property, or in an endeavor to obtain the property, Voigt was very severely handled, quite badly bruised and used up and landed in the county jail by Hudson.
Now, if the evidence of the defendants, the plaintiff in error, was the true history of that transaction, this judgment is decidedly wrong, because it could be inferred from the testimony that Hudson was attempting to serve *394 his writ of replevin, was met by a revolver, and in taking care of himself as against the assault of Voigt, whatever injury was done to Voigt was done by reason of that fact. But the testimony on the part of Voigt shows that there was no attempt there to serve the writ of replevin, but Richards and this man Hudson were acting without serving the writ, and that they were acting simply and solely in the capacity of private individuals up to the time of this assault; and if the true history of the transaction is given by Voight and his wife, and those who testified in his behalf, then there was no justification for this beating of Voigt by Hudson and those who were with him.
Hessenmuller Bemis, for Plaintiff in Error.
O. E. Schtoan, for Defendant in Error.
Now, this was a question of fact submitted to the jury. There was evidence in the case, from which the jury might have, decided the case either way,either for or against Voigt ■ — for or against the plaintiffs in error. It was left to the jury as to which they would believe. They found in favor of Voigt, and that was sanctioned by the trial court.
Now, under the rule that pertains in this state, we would not feel justified in this conflict of testimony, in disturbing this verdict on account of its being against the weight of the evidence.
The rule is very well settled in this state, that it must be very clearly against the weight of the evidence to authorize this court to disturb the verdict.
Finding no error upon this record, the judgment of the Court of Common Pleas is affirmed.